FILED
SUPERIOR COURT
OF GUAM

2020 NOV 20 PM 5: 15

BY_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THERESE F.N. SANCHEZ, | SP CASE NO.: SP0124-18 |
| Petitioner, | |
| vs. | DECISION AND ORDER |
| | Re: Petitioner's Motion to Request The |
| DAVID DELL'ISOLA as Director of Department | Adjudication of All Outstanding Motions And |
| of Labor and WCC Commissioner, DORIS F. | for Attorneys' Fees And Costs |
| LUJAN, as WCC Member, VINCENT E. LEON | |
| GUERROERO, ESQ., as WCC Member, | |
| JOSEPH CLAVERIA, CPA, as WCC Member, | |
| CANDISE ARAGON, as WCC Member, | |
| SANJAY SHARMA, as WCC Member, | |
| JOANNALYNN FULLERTON, as WCC | |
| Administrator and the WORKER'S | |
| COMPENSATION COMMISSION, DOE 1-8 | |
| Respondents. | |

## INTRODUCTION

This matter came before the Honorable Judge Anita A. Sukola on November 12, 2020, upon Petitioner's Motion to Request the Adjudication of All Outstanding Motions and for Attorneys' Fees and Costs. Petitioner, Therese F.N. Sanchez ("Sanchez"), is represented by Attorney John Richard Bordallo Bell, Esq. The Respondents, the Worker's Compensation Commission, et al., ("WCC"), are represented by Chief Deputy Attorney General Shannon J. Taitano. For the reasons set forth below the Motion to Request the Adjudication of All Outstanding Motions and for Attorneys' Fees and Costs is **DENIED**.

# BACKGROUND

Petitioner Sanchez was injured at work, in the scope of her employment, while an employee of the Department of Education, on August 13, 2015. Verified Pet. Writ. Mand. ¶ 2 (July 19, 2018). Sanchez filed a Form 201 providing notice, of her allegedly work related injury, the same day. *Id.* ¶ 13. The WCC denied her claim on September 9, 2015, in a filed Form 207, finding Sanchez failed to establish a causal connection between the injury and her work environment. *Id.* ¶ 14. Pursuant to 22 GCA § 9120(c), Sanchez requested a hearing, submitting all the required forms and documents, to the WCC on March 9, 2017. *Id.* ¶ 15-17. The WCC did not set a hearing for over sixteen (16) months. *Id.* ¶ 18. In response, Sanchez filed a Verified Petition for Writ of Mandamus with this Court, seeking to force the WCC to hold a hearing on her claims on July 19, 2018.

Later, on September 14, 2020, Sanchez filed a Motion Requesting Judicial Notice. In that motion, Sanchez requested this Court take judicial notice that the Director of the WCC has the authority to rule on any jurisdictional issues pre-hearing, and any other hearing related issues, according to the applicable Workers Compensation and Administrative Adjudication Act statutes. Mot. for Judicial Notice at 9-10 (Sept. 14, 2020). This motion was an attempt to undercut WCC claims that a hearing was not held because a quorum could not be met due to the novel Coronavirus Pandemic, and other factors.

This Court had not ruled on the outstanding Motion Requesting Judicial Notice and the Verified Petition, when on September 25, 2020, the WCC held a meeting via Zoom, and denied Sanchez's claim as untimely. Mot. to Request Adjudication at 8 (Oct. 22, 2020). A written order, memorializing the decision, was issued on October 6, 2020. *Id.* Sanchez filed the current Motion to Request the Adjudication of All Outstanding Motions and for Attorneys' Fees on October 22, 2020, arguing that she "successfully obtained the relief sought by this proceeding," and thus is entitled to reasonable attorney fees under 7 GCA § 26603. *Id.* at 10. Pursuant to that end, Sanchez requests that this Court adjudicate the pending motion and verified petition in her favor.

The WCC argues that Sanchez was not successful in obtaining relief because the

WCC decision denying her claim, rendered the Motion for Judicial Notice and Verified Petition moot, and made the relief sought by those proceedings unobtainable. Resp't Opp'n to Mot. for Adjudication at 3-4 (Oct. 30, 2020). Further, according to the WCC, Title 7 of the Guam Annotated Code, Section 26603 does not apply to the case before us, and thus, the standard American Rule for attorney fees must apply. *Id.* at 5. The Court heard oral arguments in this matter on November 12, 2020, and subsequently took this matter under advisement.

## DISCUSSION

Guam follows the American Rule for attorney fees. *Fleming v. Quigley*, 2003 Guam 4 ¶ 7. "Under the American Rule, parties bear their own litigation expenses, including attorney's fees." *Id.* (*citing Alyeska Pipeline Serv. Co., v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). However, "[i]f an exception applies, fee-shifting is allowed." *Id.* "The exceptions to the American rule include where attorney's fees are: (1) authorized by statute, (2) authorized by contract, or (3) allowed in judicially-established equitable circumstances." *Id.*

Here, Sanchez argues that fee-shifting is authorized by statute. He cites Title 7 of the Guam Annotated Code, Section 26603, which states

> Costs and reasonable attorney's fees shall be allowed of course to a government of Guam employee upon a judgment in the employee's favor in cases against the government of Guam in which the employee seeks to enforce plaintiff's employment rights as a government employee, whether or not plaintiff has ceased to be an employee at the time of the filing of the action, upon a judgment in plaintiff's favor, in which the court or jury funds that the employee has been deprived of his or her rights as an employee of the government of Guam.

7 GCA § 26603.

Sanchez requests that the court enter judgment as to the Verified Petition and the Motion Requesting Judicial Notice so that he may apply the statute and receive attorney fees. In response, the WCC argues that no judgment was rendered in the employee's favor,

and judgment cannot be entered at this time because the controversy is now moot.

## 1. The Controversy Is Moot And The Public Interest Exception Does Not Apply

The Supreme Court of Guam has stated, "[t]he test for mootness is whether 'the issues involved in the trial court no longer exist' because intervening events . . . .[have] render[ed] it impossible for the court to grant the complaining party effectual relief." *Tumon Partners, LLC v. Shin*, 2008 Guam 15 ¶ 37 (*quoting In re A. Minor*, 537 N.E.2d 7, 10 (Ill. 1989)). As such, "[c]ourts may not give opinions upon moot questions or abstract propositions." *Town House Dep't Stores v. Ahn*, 2000 Guam 32 ¶ 9 (*quoting Calderon v. Moore*, 518 U.S. 149, 150 (1996)). Further, "[g]eneral principles of mootness apply to writ petitions." *Gridley v. Gridley*, 83 Cal.Rptr.3d 715, 738 (Cal. Ct. App 2008). The WCC, therefore argues, that the decision to deny Sanchez's claim, acted as an intervening event that rendered relief, in the form of a judicial mandate for a hearing, impossible.

However, there are exceptions to the mootness doctrine, including the public interest exception. In Guam, "[a] court has authority to decide cases that are 'functionally justiciable' and present 'important public issues of statewide significance that should be decided immediately.'" *People v. Blas*, 2016 Guam 19 ¶ 23 (*quoting State v. Rud*, 359 N.W.2d 573, 576 (Minn. 1984)). See also Californians for Alternatives to Toxics v. Department of Pesticide Regulation, 39 Cal. Rptr. 3d 393, 406 (Cal. Ct. App 2006)("if a [mooted] matter is of general public interest and is likely to recur in the future, a resolution of the issue by the court is appropriate"). However, in order for an issue to be a matter of public importance, "it must affect the rights or interests of the public at large or have statewide ramifications." *Sposato v. Sposato*, 570 N.W.2d 212, 213 (N.D. 1997). See

also *Leak v. High Point City Council*, 213 S.E.2d 386, 388 (N.C. Ct. App. 1975). Further, "[i]t has . . . . been consistently held that only exceptional cases, where the urgency of establishing a rule of future conduct is imperative and manifest, will justify a departure from our general practice." *J.B. Lyon Co. v. Morris*, 185 N.E. 711 (N.Y. 1933). Finally, unless the case is "a suit to enforce a public right . . . . [than] [t]he interest of the public is purely incidental, - an interest in the settlement of legal principle, - just as may happen in any suit." *Adkinson v. Gahan*, 28 N.E. 380 (Ill. 1885). See also *Sposato*, 570 N.W.2d 212, 213 (*finding* a suit for grandparent visitation moot because while visitation rights in general are in the public interest, the order had no statewide implications and questions of constitutionality were not raised at the trial court.)

Here, while the WCC decisions and procedures may be in the public interest, as they affect all those seeking worker's compensation; this specific order would have no statewide implications. Rather, a grant of her Verified Petition for Writ of Mandamus would only effect Sanchez and her potential right to receive attorney fees. Further, Sanchez raised no constitutional issues in the current action, and thus, this is not a suit to enforce a public right, but rather an individual concern, in the pursuit of attorney fees. A decision in the favor of Sanchez, and the grant of her Verified Petition, would not affect the ways in which the WCC carries out its business, and thus would not affect the body politic at all. As such, the Court finds that the controversy is moot and the public interest exception to the mootness doctrine does not apply.

### 2. The WCC Is A Governmental Entity and the Voluntary Cessation Doctrine Does Not Apply in This Case

"Guam's mandamus statute is derived from California Code of Civil Procedure Sections 1085." *Agana Beach Condominium Homeowners' Association v. Mafnas*, 2013

Guam 9 ¶ 35; See 7 GCA § 31202. Thus, California cases are persuasive as to mandamus issues. Sanchez cites a California case for the proposition that "[t]he voluntary cessation of allegedly wrongful conduct destroys the justiciability of a controversy and renders an action moot *unless there is a reasonable expectation the allegedly wrongful conduct will be repeated.*" *Roger v. County of Riverside*, 257 Cal. Rptr. 3d 556, 583 (Cal. Ct. App 2020) (emphasis in original). See also *Knox v. Serv. Emps. Int'l Union, Local 1000*, 132 S. Ct. 2277, 2287 (2012)("[t]he voluntary cessation of challenged conduct does not moot a case, because dismissal of the case would permit a resumption of the challenged conduct as soon as the case was dismissed"). However, a request for relief can be mooted by a defendant's voluntary cessation of the challenged conduct if the defendant can demonstrate that it is absolutely clear the alleged wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000). Accordingly, a private party defendant has the burden to prove that the wrongful behavior will not recur.

However, "we treat the voluntary cessation of challenged conduct by government officials 'with more solicitude . . . . than similar action by private parties." *Board of Trustees of Glazing Health and Welfare Trust v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019) (*quoting Am. Cargo Transp. Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010)). "[T]he repeal, amendment, or expiration of challenged legislation [or policy] is generally enough to render a case moot and appropriate for dismissal." *Id.* In order for a governmental entity to be reasonably expected to resume the challenged conduct there must be evidence that the entity plans to do so or already has done so. See *City of Mesquite v. Aladdin's Castle, Inc.*, 102 U.S. 656, 662-63 (1993). See also *McCarvey v. Hill*, 385 F.3d 846, 849 (5th Cir. 2004).

Here, the WCC is a governmental entity acting under the authority of the Department of Labor. Sanchez has provided evidence that the WCC has not regularly held hearings as required by law but has not provided evidence that the WCC plans to continue to do so. The WCC is provided a presumption of good faith due to its status as a governmental entity. See *Cargo Transp. Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010)). Therefore, we must dismiss the Verified Petition and the Motion Requesting Judicial Notice as being moot with no exceptions applying. As such, the statute, Title 7 of the Guam Annotated Code, Section 26603, cannot apply to the case at hand because Sanchez has not received a judgment as required. See 7 GCA § 26603 ("upon a judgment in Plaintiff's favor . . . .").

### 3. No Other Exceptions to the American Rule Apply

Finally, Sanchez argues that two potential exceptions to the American Rule apply in this case. First, she argues that the substantial benefit doctrine applies. Mot. to Request Adjudication at 11 (Oct. 22, 2020). Later, she argues alternatively that the catalyst theory applies. Reply to Opp'n at 4-5 (Nov. 6, 2020).

"The substantial benefit doctrine is an extension of the common fund doctrine which applies when no common fund has been created and significant benefit . . . . has nonetheless been conferred on an ascertainable class." *Matter of Guardianship of Moylan*, 2018 Guam 8 ¶ 25 (*quoting Consumer Cause Inc. v. Mrs. Gooch's Nat. Food Mkts., Inc.*, 25 Cal. Rptr. 3d 514, 520 (Ct. App. 2005)). "This doctrine 'rests on concepts of unjust enrichment: those enriched by an economic windfall should bear their fair share of the costs expended to create the benefits obtained,'" *Id* (*quoting Ciani v. San Diego Tr. & Sav. Bank*, 20 Cal. Rptr. 2d 581, 590 (Ct. App. 1994). "[T]he relevant question [to deciding a substantial benefit claim] is whether a substantial benefit has been conferred on an

ascertainable class." *Id.* ¶ 30.

Here, there is no easily ascertainable class. As Sanchez readily admits, "the number of people standing to benefit from the decision include virtually, *the entire working population of the island*." Mot. to Request Adjudication at 12 (emphasis in original). The substantial benefit doctrine is an extension of the common fund doctrine, and the United States Supreme Court has held, "in this Court's common fund and common-benefit decisions, the classes of beneficiaries were small in number and easily identifiable." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 264, n.39 (1975). A class consisting of all workers on the island is too large and unidentifiable to successfully apply the substantial benefit exception to the American Rule. The Court, therefore holds that the substantial benefit doctrine does not apply to the case at hand.

Finally, Sanchez argues that the catalyst theory exception applies. Under the catalyst theory, "a plaintiff must establish that (1) the lawsuit was a catalyst motivating the defendants to provide the primary relief sought; (2) that the lawsuit had merit and achieved its catalytic effect . . . . and, (3) that the plaintiffs reasonably attempted to settle the litigation prior to filing the lawsuit." *Tipton-Whittingham v. City of Los Angeles*, 101 P.3d 174, 177 (Cal. 2004). While the catalyst theory is accepted in California, it has not been accepted in Guam. See *Bautista v. Perez*, CV1848-01, at 9 (Super. Ct. Guam May 31, 2013). Further, the United States Supreme Court has expressed reservations about the catalyst theory. See *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 606 (2001) ("[w]e cannot agree that the term 'prevailing party' authorizes federal courts to award attorney fees to a plaintiff who . . . . reached the 'sought-after destination' without obtaining any judicial relief"). We therefore disagree with the argument that the catalyst theory allows the shifting of attorney fees in

the case before us.

## CONCLUSION

Based on the foregoing, Petitioner Sanchez's Motion to Request the Adjudication of All Outstanding Motions and Attorney Fees and Costs is **DENIED**.

FURTHER PROCEEDING: 12/17/2020 at 9am

TELECONFERENCE: 969-7000

MTG. ID: 115-6384-5418

SO ORDERED this 11/20/2020 .

**HONORABLE ANITA A. SUKOLA**
Judge, Superior Court of Guam

SP0124-18, Sanchez v. David Dell'Isola, et al.
Decision and Order (Motion to Request Adjudication).

Page **9** of **9**